THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
. FRANCISCO BAERGA, Defendant and Appellant.

No. 13946.   Argued June 9, 1949.—Decided June 15, 1949.

*Faustino R. Aponte* for appellant. *Vicente Géigel Polanco, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The District Attorney of Humacao charged Francisco Baerga with the crime of rape, consisting in that he had sexual intercourse with Nyrza E. Cintrón against her will and without her consent. Upon the proper trial being held, the jury brought in a verdict of guilty and the lower court sentenced the defendant to serve a term from two to four years imprisonment in the penitentiary. From that judgment the defendant has appealed and now contends that the lower court erred (1) in accepting the verdict and finding him guilty of the crime of rape, since the evidence introduced was clearly insufficient inasmuch as it was not shown that he used force and violence when committing the act, and also (2) in refusing to transmit to the jury certain instructions requested by him. However, in discussing the first assignment the appellant contends, in brief, that the testimony of the girl was not corroborated and that the evidence did not show that there was a true resistance on her part.

*Dr. Héctor González* examined the vagina of Nyrza and found that she had been deflowered, and that said defloration could have taken place some two or three months before. *Nyrza E. Cintrón* testified that she is sixteen years old; that she was in the first year high school; that she is acquainted with Francisco Baerga, who lives with a lady called Ana Del Moral and has two children by her, a boy of seven years old and a girl one and one-half years old; that her house and that of the defendant are adjacent and that she of her own accord usually visited that of the defendant to play with and take care of a little girl who lives there and whom she loves very much; that on a certain evening during the month of February 1948, she went to defendant's house, as she usually did, and at about 7:30 p.m. she put the baby to sleep, carrying her to the *mirador* of the house to put her to bed; that

defendant's wife told her that she had to go out and that shortly after she was in the *mirador*, Baerga came, took a revolver that was on a shelf there, went to the place where she was, pushed her and made her lie in bed; that he put out the lights, took off her underclothes and had sexual intercourse with her; that he told her that if she said anything or failed to visit them again, he would kill her; that she did not dare to say anything because she feared that something would happen; that the defendant acted in a violent manner and that she did not scream because she became nervous and could not move, that all this lasted about fifteen minutes; that as she was going to graduate from the junior high school the defendant told her that he was going to give her the dresses and shoes as a present; that ten days later defendant's wife called her and she visited them and the defendant again had sexual intercourse with her.

*Carmen Cuadrado* and *Esperanza Vargas*, the mother of the prosecutrix, testified that the defendant had admitted in the office of the District Attorney of Humacao and in their presence that he had sexual intercourse with Nyrza by means of force, but that he would marry her and would pay for her studies. The defendant did not introduce any evidence whatsoever.

Since the testimony of Dr. González was confined to the act of defloration, it did not tend to corroborate in any manner the testimony of the prosecutrix. *People* v. *Feliciano*, 53 P.R.R. 402; *People* v. *Maldonado*, 17 P.R.R. 22, 27. However, the testimony of Carmen Cuadrado and Esperanza Vargas in connection with the admission made by the defendant, constituted by itself sufficient corroboration. *People* v. *Márquez*, 64 P.R.R. 354, 362; 44 Am. Jur., pp. 971, 972, §§ 108 and 109; 60 A.L.R. 1145. It is true that said testimony did not tend to corroborate the prosecutrix in all the particulars of her testimony, but the law does not require that corroborative evidence establish all the elements of the crime. What is required is that the evidence tend to connect

the defendant with the commission of the crime. *People* v. *Márquez, supra; People* v. *Santiago*, 36 P.R.R. 574; *People* v. *Rodríguez*, 22 P.R.R. 98, and *People* v. *De Jesús*, 18 P.R.R. 575.

■ In prosecutions for rape, as in the instant case, the mere refusal of the prosecutrix to consent to the act is clearly insufficient. The evidence should show not only that the act was carried out without her consent, but that she was prevented from resisting by reason of threats of great and immediate bodily harm, accompanied by the apparent power of execution. *People* v. *Rodríguez*, 66 P.R.R. 881; *People* v. *Pimentel*, 68 P.R.R. 588. The prosecutrix in this case was a child, while the defendant was a strong man. If, in addition to that, he took a revolver, pushed the minor, took off her underclothes and had sexual intercourse with her in a violent manner, threatening her with death if she told what happened, the requirements of the statute have been duly complied with in order that the act performed should constitute the crime of rape as charged. The first error was not committed.

■■ The defense requested the court to transmit certain instructions to the jury. The court did so only in part and the defendant urges that it erred in not transmitting them in their entirety. We find that no such error was committed, not only because the general instructions covered in part the specific instructions denied, but also because the defendant failed to take an exception to the refusal of the court to give the specific instructions. For a long time it has been a well-settled doctrine that when a defendant fails to take exception in due form to the instructions given to the jury or to the refusal of the court to transmit certain instructions requested by the defendant, the judgment will not be reversed, unless a fundamental error has been committed by the lower court. *People* v. *Rodríguez, ante,* p. 21; *People* v. *Lebrón*, 56 P.R.R. 563; *People* v. *Mediavilla*, 54 P.R.R. 538; *People* v. *Mercado*, 46 P.R.R. 147;

*People* v. *Rodríguez*, 41 P.R.R. 391. See also *People* v. *Nieves*, 57 P.R.R. 769; *People* v. *Ramírez*, 50 P.R.R. 224; *People* v. *Pagán*, 49 P.R.R. 423; and *People* v. *González*, 42 P.R.R. 215. We fail to find that such fundamental error was committed in this case.

The judgment appealed from will be affirmed.